IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN L. RUNNELS,<br>            Plaintiff, | )<br>)<br>) |
| v. | ) No. 3:11-CV-3496-P |
| ROBERT E. GOODMAN, JR., ET AL.,<br>            Defendants. | )<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

### FINDINGS AND CONCLUSIONS

**Parties:**

Plaintiff is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*. Defendants are attorney Robert Goodman, Jr., attorney Brian Landa, Cecilia Morgan, Allied Barton Protective Services, L.L.C. ("Allied Barton"), the law firm of Martenson, Hasbrouck, Simon, L.L.P., attorney Marcia Jackson, and the law firm of Akin, Gump, Strauss, Hauer & Feld, L.L.P.

**Factual background:**

Plaintiff alleges attorneys Goodman and Landa improperly settled his Fair Labor Standards Act ("FLSA") complaint against Defendant Allied Barton in *Runnels v. Groves, et al.*, cause number 3:07-CV-977-L (N.D. Tex. stipulated dismissal 12/20/2007), and coerced him into signing a settlement agreement. He claims Defendants improperly colluded to dismiss the case.

He alleges breach of contract, breach of fiduciary duties, legal malpractice, violation of the Privacy Act, violation of the Fair Labor Standards Act, and violation of the Texas Disciplinary Rules. He seeks money damages.

**Screening:**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

**Discussion:**

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

2

Plaintiff asserts only state law claims except for claims that: (1) Allied Barton violated the Privacy Act by sharing information regarding his FLSA claims with certain attorneys; and (2) an allegation that this complaint was filed under the FLSA.

The Privacy Act, 5 U.S.C. § 552, applies only to federal agencies. *Connelly v. Comptroller of the Currency*, 876 F.2d 1209, 1215 (5th Cir. 1989); *Flores v. Fox*, 394 Fed. Appx. 170, 172 (5th Cir. 2010) (*per curiam*). Plaintiff's Privacy Act claim against Allied Barton should therefore be dismissed

Additionally, although Plaintiff lists the FLSA in response to the Magistrate Judge's Questionnaire, his complaint and two supplemental complaints contain no FLSA claims. He therefore fails to establish federal question jurisdiction under the FLSA.

Plaintiff also fails to establish diversity jurisdiction. He lists his address as Texas, as well as Defendant Goodman's address as Texas. (Magistrate Judge's Questionnaire, Answer No. 1 and 2.) He therefore fails to show complete diversity as required by 28 U.S.C. § 1332. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."). Plaintiff's complaint should be dismissed.

**RECOMMENDATION:**

The Court recommends that: (1) Plaintiff's federal claims be dismissed with prejudice; and (2) Plaintiff's state claims be dismissed without prejudice to Plaintiff filing these claims in state court.

Signed this 5 day of March, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).